UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRENT GOODLETT,

   Plaintiff,

v.

CREDIT CONTROL SERVICES, INC.
D/B/A CREDIT COLLECTION SERVICES,

   Defendant.

Civil Action No.:
0:22-CV-60014-RS

**MOTION TO STRIKE**

### DEFENDANT CREDIT CONTROL SERVICES, INC. D/B/A CREDIT COLLECTION SERVICES MOTION TO STRIKE

AND NOW comes Defendant Credit Control Services, Inc., d/b/a Credit Collection Services ("CCS"), by and through its undersigned counsel, Gordon Rees Scully Mansukhani, LLP, and pursuant to Fed. R. Civ. Pro. 12(f), hereby files its Motion to Strike, and as grounds therefore would state as follows:

1. Plaintiff, Brent Goodlett, filed and served his First Amended Complaint naming CCS as a defendant.

2. Count 1 purports to assert a claim for violation of the Fair Debt Collection Practices Act ("FDCPA") premised on the transmission of personal identifying information by Defendant to its letter vendor, for the ministerial purpose of printing, folding and mailing Defendant's collection letters. Plaintiff contends that this ministerial transfer gives rise to a claim under 15 U.S.C. § 1692c (b). Count 2 purports to assert a claim for violation of the FDCPA premised on factually void and unsupported allegations that the collection letter failed to disclose accrued and accruing interest and fees. In his First Amended Complaint, Plaintiff erroneously alleges in Paragraphs 14-18 that CCS cannot lawfully collect consumer debts from Florida

1

consumers because it failed to keep and maintain records, procedures and a valid registration as required by Florida's Administrative Code Rule 180.080(1)(, (3), (6), (7), (9), (10, (11) and Florida Administrative Rule 69V-180.090(2).

3. Paragraphs 14-18 of the Complaint should be stricken as they contains immaterial, impertinent, or scandalous matter and violates Federal Rules of Civil Procedure. 12(f).

4. In this matter, Plaintiff alleges in paragraphs 14-18 that CCS does not maintain records specified by Rule 69V-180.080, *et seq.* and Rule 69V-180.090(2).

5. Plaintiff alleges without stating or citing any factual basis for his allegations that CCS therefore cannot lawfully collect consumer debts in Florida because CCS failed to maintain a valid registration. (See First Amended Compl. ¶18).

6. CCS has maintained a proper collection agency license, number CCA0900641, omitted in Plaintiff's First Amended Complaint Paragraph 13, since February 5, 1999, with no lapse in registration. CCS respectfully requests the Court take judicial notice of the attached Consumer Collection Agency License issued by the Office of Financial Regulation, Florida to CCS, License Print dated 11/19/2019, License Print dated 12/1/2020, License Print dated and 2022 License referenced in Plaintiff's First Amended Complaint (See Compl. ¶13) and annexed hereto as Exhibit A which evidences CCS license number and that fact that CCS was a duly authorized Licensee to conduct business as a Consumer Collection Agency in the State of Florida.

7. Plaintiff asserts these unfounded and factually inaccurate statements in an attempt to bolster his alleged causes of action under the FDCPA and lack any factual basis but mere unfounded recitation of portions of the Florida Administrative Code in an attempt to smear CCS' business reputation.

8. With respect to plaintiff's allegations and as determined by Florida Courts, Plaintiffs have been denies actions asserting violations of the FDCPA where the plaintiff has alleged a failure by the defendant to comply with Florida Statutes. In *Conner v. BCC Fin. Mgmt. Servs., Inc.*, 489 F. Supp. 2d 1358 (S.D. Fla. 2007), Plaintiff alleged BBC violated Florida Statutes by failing to provide complete information to the State whereby rendering BBC's registration void; and as such, BBC's collection of Connor's debt with a void registration violated Florida Statute 559.553. The Court held, in pertinent part:

> "As an initial matter, it is clear that Conner may not assert her claim directly under Fla. Stat. § 559.553, which does not itself provide for a private right of action…The question, then, is whether a failure to comply with Fla. Stat. § 559.553 constitutes a violation of Fla. Stat. § 559.72(9)…Thus, the Court must look to the statute itself and related case law in evaluating the parties' arguments. The clause of Fla. Stat. § 559.72(9) on which Conner premises her claim prohibits 'asserting the existence of [a] legal right when such person knows that the right does not exist.'" The Court was not persuaded by Plaintiff's argument stating "This argument does not persuade. Had the Florida legislature intended to enact a private right of action for violations of Fla. Stat. § 559.553, it could have done so, either by explicitly including language authorizing a private right of action in the statute itself, or by referencing Section 559.553 in Fla. Stat. § 559.72. Had the legislature intended to include 'attempting to collect a consumer debt while in possession of a void registration' as a violation of the FCCPA, it could have included such language in Section 559.72. Because the legislature chose not to do so, the undersigned is not inclined to, nor can she, read such a cause of action into the language of Fla. Stat. § 559.72(9)." The Court continued its analysis stating "…at least one Florida court has analyzed the language of Section 559.553 and has held that the statute does not require registration prior to the commencement of consumer debt collection activities. That court explained that Section 559.553... is not a licensing statute. It simply requires the filing of minimal identification information as well as the disclosure of prior suspensions or revocations of any professional license or state registration previously held. The statute imposes no testing or other qualification requirements and contains no language suggesting that prior approval of the Department must be received before consumer collection activities may be undertaken. *Welch v. Florida West Coast, Inc.,* 816 So.2d 711, 714 (Fla. 2d DCA 2002).

The Court, therefore, found "…that Fla. Stat. § 559.72(9) does not allow a private right of action for violations of Fla. Stat. § 559.553. *Conner v. BCC Fin. Mgmt. Servs., Inc.*, 489 F. Supp. 2d 1358, 1359, 1361–62 (S.D. Fla. 2007).

3

9. Similar to the *Connor* case, Plaintiff attempts to argue that CCS failed to maintain policies and procedures and records in accordance with Florida Administrative code which resulted in a violation of FDCPA.

10. Plaintiff alleges and attempts to argue, without any factual support, that CCS's failed to maintain records, policies and procedures according to the Florida's Administrative Code rendering CCS in violation of the FDCPA. Plaintiff attempts to bolster his FDCPA cause of action by falsely and erroneously utilizing the Florida Administrative Code where no Legislative intent is provided to ultimately support his argument that CCS violated the Fair Debt Collection Practices Act.

11. Of import and seemingly adverse to Plaintiff's ultimate allegations, Plaintiff states CCS is a registered consumer collection agency. (See First Amended Compl. ¶12, "Defendant is registered with the Florida Office of Financial Regulation as a 'Consumer Collection Agency'.)

12. Plaintiff attempts to tarnish and defame CCS by asserting scandalous allegations that CCS cannot lawfully collect consumer debts from Florida consumers.

13. Plaintiff's allegations are not only scandalous but irrelevant and attempt to sidestep any valid basis for an alleged violations as set forth in the FDCPA.

14. Based upon the foregoing, Defendant respectfully submits that paragraphs 14 through 18 contained in Plaintiff's "FACTUAL ALLEGATIONS" should be stricken from the First Amended Complaint as it is immaterial, impertinent and scandalous.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Undersigned counsel certifies that they have conferred with counsel for Plaintiffs regarding the relief sought in this Motion, and Plaintiffs' counsel does not agree with the relief sough herein.

Respectfully submitted this 1st day of February, 2022.

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/Chantel C. Wonder*
Chantel C. Wonder
Florida Bar No.: 0087601
cwonder@grsm.com
Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
Tel: (Main) 813-523-4945
Facsimile 813-377-3505
*Attorneys for Defendant,*
*Credit Control Services, Inc., d/b/a*
*Credit Collection Services*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 1, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and was sent via electronic mail to:

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com

*Counsel for Plaintiff*

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/Chantel C. Wonder*
Chantel C. Wonder
Florida Bar No.: 0087601
cwonder@grsm.com
Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
Tel: (Main) 813-523-4945
Facsimile 813-377-3505
*Attorneys for Defendant,
Credit Control Services, Inc., d/b/a
Credit Collection Services*