UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-60014-RS

BRENT GOODLETT,

    Plaintiff,

v.

CREDIT CONTROL SERVICES, INC.,

    Defendant.
_____/

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

Plaintiff Brent Goodlett ("Plaintiff") submits the following Response to the Motion to Strike [D.E. 11] ("Motion to Strike") filed by Defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("Defendant") on February 01, 2022.

1. Defendant's Motion to Strike focuses solely on the allegations of ¶¶ 14-18 of the First Amended Complaint [D.E. 9] (the "FAC"). Paragraphs 14-18 of the FAC read as follows:

> 14. Defendant does not maintain all the records specified in Rule 69V-180.080, Florida Administrative Code.
>
> 15. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are not current to within one week of the current date.
>
> 16. For example, Defendant does not maintain and keep updated within seven (7) days the records required by, inter alia, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).
>
> 17. Further, Defendant does not have written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).
>
> 18. Defendant cannot lawfully collect consumer debts from Florida consumers because Defendant failed to maintain a valid registration.

D.E. 9 at ¶¶ 14-18.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

2. On February 01, 2022, Defendant *attempted* to confer with Plaintiff regarding the Motion to Strike pending before this Court.

3. Attached as Exhibit "A" is Plaintiff's *good faith* attempt at resolving the merits of Defendant's Motion to Strike and Defendant's response thereto. Here, in response to the relief sought by Defendant, *i.e.*, the striking of ¶¶ 14-18 of the FAC, Plaintiff offered the following modification to the paragraphs targeted by the Motion to Strike:

> 14. Defendant does maintain all the records specified in Rule 69V-180.080, Florida Administrative Code.
>
> 15. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.
>
> 16. ~~For example, Defendant does not maintain and keep updated within seven (7) days the records required by, inter alia, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11)~~
>
> 17. Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).
>
> 18. ~~Defendant cannot lawfully collect consumer debts from Florida consumers because Defendant failed to maintain a valid registration.~~

*See* Exhibit A.

4. Defendant rejected Plaintiff's proposed amendment as a remedy and, instead, chose to proceed with the Motion to Strike, despite Plaintiff urging Defendant to reconsider due to Defendant's obligation to pay Plaintiff's reasonable attorneys' fees and costs.

5. Now, following the Order to Show Cause [D.E. 13], wherein this Court asked the Parties to *show cause* why this case should not be stayed pending Eleventh Circuit's *en banc* regarding in Hunstein, Defendant has asked that this Court resolve Defendant's Motion to Strike

PAGE | **2** of **4**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

before allowing this case to be stayed. *See* D.E. 15 (wherein Defendant asserted that, "[t]he Motion to Strike is unrelated to Plaintiff's Hunstein claim, and should be resolved prior to staying this matter pending the Hunstein decision"); *but see* D.E. 14 (wherein Plaintiff agreed to stay this case pending the Eleventh Circuit's *en banc* rehearing).

6. Setting aside, for a moment, Plaintiff's willingness to amend the pleadings so to *objectively* remedy Defendant's Motion to Strike, the core of Defendant's argument is that "*Plaintiff attempts to tarnish and defame CCS by asserting scandalous allegations that CCS cannot lawfully collect consumer debts from Florida consumers*." Motion at ¶ 12.

7. To the contrary, Plaintiff has proffered objective allegations that speak to the veracity of Plaintiff's case. For example, Florida Administrative Code Rule 69V-180.090(2) requires that Defendant have written polices regarding the safekeeping of a consumers personal information, *i.e.*, **the information that Defendant unlawfully communicated to a third-party in violation of § 1692c(b) of the FDCPA**. *See* D.E. 9 at ¶¶ 33-36. Defendant, however, has proffered argument that is completely rebutted by Defendant's rejection of the amendments proposed by Plaintiff. For example, Defendant took issue with Plaintiff claiming that Defendant *did not* maintain appropriate records, and to remedy this concern, Plaintiff offered to amend the allegations to reflect that Defendant *does* maintain appropriate records – but Defendant rejected such amendment.

8. At best, Defendant has unknowingly engaged in frivolous motion practice. At worst, and as supported by the record, Defendant's has willfully turned a bind-eye to Plaintiff's attempt to resolve Defendant's concern and wasted this Court's resources, as well as the resources of Plaintiff.

9. WHEREFORE, Plaintiff, respectfully asks that: [1] Defendant's Motion to Strike be *denied* with prejudice, *or in the alternative*, allow Plaintiff leave to amend his complaint consistent with what Plaintiff proposed to Defendant prior to Defendant filing the Motion to Strike; **and** [2] pursuant to this Court's inherent powers, sanction Defendant in the amount of reasonable attorneys' fees Plaintiff was forced to spend responding this Defendant's Motion to Strike.

Dated: February 14, 2022

Respectfully Submitted,

/s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:        855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 14, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

PAGE | **4** of **4**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com